STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AUGSC-AP-2019-55

RYAN HOPKINS,
        Petitioner

v.

MAINE DEPARTMENT OF
CORRECTIONS,
        Respondent.

**DECISION AND ORDER**

## INTRODUCTION

The matter before the court is the second appeal by Ryan Hopkins, an inmate at the Maine State Prison (MSP), from a disciplinary proceeding, conducted after remand from this court, that resulted in the imposition of sanctions against him for the offenses of Influencing Staff and False Statement as defined under the Prisoner Discipline Policy. This appeal has been brought in accordance with 5 M.R.S. §§ 11001-11008 (Administrative Procedure Act) and M.R. Civ. P. 80C.

## BACKGROUND AND DISCUSSION

The essential facts of this case are set forth in detail in this court's previous Decision and Order, and will not be repeated here. *See Hopkins v. Maine Department of Corrections*, KEN.DKT. No. AP-2019-06 (7/12/2019) (Stokes, J.). In that Decision, the court reversed the disciplinary matter against Hopkins in MSP-2018-2567 and remanded to MDOC "to conduct a disciplinary hearing that complies with the statutes and MDOC policy and procedure." (A.R. at 38) The basis for the court's ruling was the Hearing Officer's exclusion of evidence from witnesses listed by Hopkins, who might have provided testimony relevant to potential bias on the part of the MDOC employee who authored the disciplinary incident report against

1

him. The Hearing Officer in that earlier disciplinary hearing explained that he did not allow the witnesses to be called because he deemed them to be mere character witnesses. The court concluded that Hopkins' right to call witnesses was "unreasonably" withheld or restricted in violation of MDOC policy.

After remand, MDOC conducted a new disciplinary hearing on October 10, 2019, presided over by a different Hearing Officer. This Hearing Officer specifically addressed the issue of the two witnesses Hopkins wished to call, namely, a fellow prisoner,[1] and Mikayla (LNU), a former MDOC intern at the prison. Neither of those witnesses provided testimony, however, because, as explained by the Hearing Officer:

> Prisoner was called on both numbers in CORIS that were listed. One number was out of service and the second number rang until sent to voice mail.
>
> Mikayla – no known number for this person. She was a previous intern and since left MDOC.

(A.R. at 51).

The Hearing Officer found Hopkins guilty (by a more probable than not standard) of both charges on the basis of the staff report, which he found was "well written and outlines why the prisoner was written up for these charges." (A.R. at 52). Hopkins filed a timely appeal to the Chief Administrative Officer/Designee, which was denied on October 31, 2019. (A.R. at 57). This Petition for Judicial Review followed.

Although Hopkins briefed and argued three issues, he has abandoned his "double jeopardy" claim. That leaves his claims that: (1) he was denied the right to

---

[1] It is unclear to the court whether or not the inmate witness was still a prisoner within the Maine correctional system.

2

call witnesses, and; (2) the evidence was insufficient to support the Hearing Officer's guilty findings. The court rejects both claims.

In its previous Decision and Order in this disciplinary matter involving Hopkins, the court discussed at length the right of a prison inmate to call witnesses in connection with a disciplinary proceeding. Reduced to its essence: by both caselaw and MDOC policy, a prisoner's right to call witnesses and present evidence in the prison disciplinary context may not be "unreasonably" withheld or restricted. The court reversed and remanded Hopkins' earlier disciplinary proceeding because the Hearing Officer there summarily excluded the requested witnesses on the ground that they were simply character witnesses, and failed to recognize that the witnesses could have been relevant on the issue of bias. It was for that reason the court found the exclusion of the evidence unreasonable.

Such was not the situation at Hopkins' disciplinary hearing after remand. The Hearing Officer did not summarily withhold or exclude the testimony of the witnesses. On the contrary, he tried to contact the prisoner witness by calling both telephone numbers listed for him in CORIS, but could not reach him. Mikayla, the former intern, had left MDOC and no contact information for her was available. As noted by the Respondent, Hopkins made no request for a continuance of the scheduled hearing nor did he seek to present the testimony of the absent witnesses in written form. Under these circumstances, the right of Hopkins to call witnesses was not unreasonably withheld or restricted in violation of statute or MDOC policy.

The Hearing Officer found Hopkins guilty based on the Disciplinary Incident Report prepared by caseworker Lori DesSureault, which he found "well written" and detailed. (A.R. at 2, 52). The Hearing Officer was within his authority to rely on the incident report and to give it such weight as he deemed proper. His reliance on the report was not an abuse of discretion and his findings of guilt were supported by

3

competent evidence in the administrative record.

## CONCLUSION

The entry is:

The Petition for Judicial Review is DENIED. Disciplinary Matter No. MSP-2018-2567 is AFFIRMED.

The clerk is directed to incorporate this Order by reference in the docket in accordance with M.R. Civ. P. 79(a).

DATED: March 23, 2020

William R. Stokes

Justice, Maine Superior Court